UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, et al.,<br><br>Defendants. | Case No. 26-cv-00866-JSC<br><br>**ORDER RE: PLAINTIFFS' UNOPPOSED MOTION FOR A PARTIAL STAY**<br><br>Re: Dkt. No. 31 |

Plaintiffs sue the U.S. Department of Agriculture ("USDA"), its sub-agencies, and the agency heads for the "recission of regulations and procedures requiring public participation in . . . environmental reviews under" the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq. (Dkt. No. 34 ¶ 1.)[1] Now pending before the Court is Plaintiffs' unopposed motion for a partial stay. (Dkt. No. 31.) Having carefully considered the motion, the Court considers oral argument unnecessary, VACATES the June 18, 2026 hearing, and GRANTS Plaintiffs' motion to stay its claims based on USDA's Interim Final Rule (Claims One and Two) pending resolution of their claims based on USDA's Final Rule.

**BACKGROUND**

Historically, "USDA regulations required that federal agencies solicit public comment on a draft EIS [Environmental Impact Statement] and provided for public involvement in preparation of an EA [Environmental Assessment]." (Dkt. No. 1 ¶ 3.) However, on July 3, 2025, USDA issued an interim final rule ("IFR") which "rescinded the NEPA regulations of all USDA sub-agencies,"

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

including "the requirement to publish a draft EIS" and "any requirement to solicit input from the public on an EIS." (*Id.* ¶¶ 76-77.) *See* National Environmental Policy Act, 90 Fed. Reg. 29632 (proposed July 3, 2025). So, on January 28, 2026, Plaintiffs sued Defendants for violating the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., and NEPA by failing (1) to provide notice and comment on and delay the effective date of the IFR, and (2) to provide a reasoned explanation for the substantial curtailment of public participation requirements within the IFR. (*Id.* ¶¶ 81-90.)

However, on April 3, 2026, USDA issued a Final Rule adopting the IFR. (Dkt. No. 34 ¶ 89.) *See* National Environmental Policy Act, 91 Fed. Reg. 17062, 17063 (Apr. 3, 2026). The Court granted Plaintiffs' motion to amend their complaint. (Dkt. Nos. 30, 33.) Plaintiffs' amended complaint retains the two claims based on the IFR, and adds claims Defendants failed (3) to provide a reasoned explanation for the substantial curtailment of public participation requirements within and (4) to adequately respond to public comments on the Final Rule. (Dkt. No. 34 ¶¶ 101-110.) Plaintiffs now move to stay proceedings on claims challenging the IFR (Claims One and Two) pending resolution of claims challenging the Final Rule (Claims Three and Four). (Dkt. No. 31.) According to Plaintiffs, "Defendants' position on the motion is that any claims against the Interim Final Rule are moot and should therefore be dismissed, but Defendants do not oppose a stay of claims against the Interim Final Rule . . . pending the scheduled cross-motions for summary judgment." (Dkt. No. 31 at 2.)

In *Center for Biological Diversity et al. v. U.S. Department of Interior et al.*, Case No. 25-cv-10793-JSC, Plaintiffs sue the U.S. Department of Interior, its sub-agencies, and its agency heads for its similar IFR and Final Rule. (Case No. 25-cv-10793-JSC, Dkt. No. 27.) There, the Court granted Plaintiffs' motion to stay the IFR claims until the Final Rule claims are resolved, without prejudice to the defendants' mootness argument. (Case No. 25-cv-10793-JSC, Dkt. Nos. 23, 32.)

## DISCUSSION

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1936)). "Courts consider several factors when deciding whether to stay a matter, including hardship and prejudice to the parties, and efficiency and conservation of judicial resources." *Grace v. RE/MAX Holdings, Inc.*, No. 23-CV-06352-HSG, 2024 WL 2761188, at *4 (N.D. Cal. May 29, 2024) (citing *Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. C 12-01616 RS, 2012 WL 2906571, at *2 (N.D. Cal. July 16, 2012); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). However, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

Because the Final Rule currently supersedes the IFR, neither party is prejudiced by a stay. And although Defendants contend the Final Rule moots the IFR claims, Plaintiffs argue USDA may revert to the IFR if the Court vacates the Final Rule. So, resolving the Final Rule claims will help resolve the IFR claims. And the parties are proceeding to consolidated briefing on cross-motions for summary judgment on the Final Rule claims in this case and in Case No. 25-cv-10793-JSC. (Dkt. No. 29.) Efficiency and conservation of judicial resources therefore weigh in favor of staying the IFR claims pending resolution of the Final Rule claims.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiffs' unopposed motion to stay claims based on USDA's IFR (Claims One and Two), pending the scheduled cross-motions for summary judgment on the Final Rule. The Court grants this motion without prejudice to any mootness argument.

This Order disposes of Docket No. 31.

**IT IS SO ORDERED.**

Dated: June 10, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge